IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-515-MOC-DCK

| | |
|---|---|
| **AMERICAN TIRE DISTRIBUTORS, INC.,** and **POLYATOM, LLC,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| **VISHAL POREDDY,** | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Protective Order" (Document No. 18) filed November 8, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**WHEREAS,** the parties anticipate the production of confidential, private, proprietary, or sensitive information during the forensic analysis of Defendant Vishal Preeyahtam Reddy Poreddy's ("Defendant") devices and accounts in accordance with the Temporary Restraining Order and Permission to Engage in Limited Expedited Discovery (the "TRO") entered on August 21, 2023 (Dkt. No. 10) and other discovery proceedings to occur in the above-captioned action (the "Litigation"); and

**WHEREAS,** good cause exists for entry of a Stipulated Protective Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the parties, that the following Protective Order shall govern all discovery proceedings in this litigation.

1. DEFINITIONS. As used in this Protective Order:

a) "Confidential" means any Discovery Materials that are designated as "CONFIDENTIAL" pursuant to paragraphs 3 and 7 below.

b) "Discovery Material" means Documents produced, deposition testimony and exhibits, interrogatory responses or written responses to other inquiries, admissions, sworn statements, and any other information produced, given, or exchanged by any Producing Person in the course of discovery in connection with this Litigation, including the analysis of Defendant's devices and accounts in accordance with the TRO.

c) "Documents" means all written, recorded, transcribed, electronic, digitized, computerized, or graphic material or data, produced by any party to the Litigation or any third-party subpoenaed for information, (whether by agreement or otherwise), including any copies, abstracts, digests, and summaries thereof.

d) "Attorneys' Eyes Only" means any Discovery Materials that are designated "ATTORNEYS' EYES ONLY" pursuant to the provisions of paragraphs 4 and 7 below.

e) "Person" means any natural person or legal entity or association of any kind or nature.

f) "Producing Person" means any party to the Litigation or any non-party subject to discovery through subpoena or otherwise who provides Documents, information, or testimony in the course of the Litigation. For purposes of this Protective Order, Defendant shall be deemed a "Producing Person" for any Documents produced by Google in response to subpoena as contemplated under Section 11 of the TRO.

g) "Receiver" means the Person receiving Discovery Material designated "Confidential" or "Attorneys' Eyes Only."

2. This Protective Order establishes two categories of Confidential Documents. The category providing a higher level of protection is referred to as "Attorneys' Eyes Only Information." The

category providing the second level of protection is referred to as "Confidential Information."

3. Any party or Producing Person may designate any Discovery Material that it is producing or disclosing as "Confidential" if such Producing Person in good faith believes that such Discovery Material contains: (1) a trade secret or proprietary information, which, if disclosed, would cause injury to the competitive position of the Producing Person or of a third party (including, but not limited to, proprietary, non-public business information relating to past, current, or future financial or business performance, development plans, internal strategy, or internal planning processes); (2) information which if disclosed would constitute an unwarranted invasion of personal privacy, or which could endanger the life or safety of any person; or (3) other confidential, private, proprietary or sensitive information. All material produced by any Party in accordance with the August 21, 2023 Temporary Restraining Order and Permission to Engage in Limited Expedited Discovery shall be treated as "Confidential." To the extent such material is later produced in discovery in this matter that Discovery Material will then assume the designation, or lack thereof, assigned at the time of production subject to the other terms of this Order.

4. Any Producing Person may designate any Discovery Material that it is producing or disclosing as "Attorneys' Eyes Only" if such Person in good faith believes that such Discovery Material contains non-public and confidential personal, proprietary, or commercially sensitive information that requires the protections of this Protective Order and that would harm the personal, commercial, financial, strategic, or business interests of any Producing Person or its employer (current or past), employees, customers, or clients if disclosed to the other parties in this Litigation, or would create a risk of injury to a Producing Person that would not exist in the absence of such disclosure.

5. To the extent that Discovery Material marked Confidential or Attorneys' Eyes Only also

contains (i) publicly-available information, (ii) information that was already in the lawful possession of the Receiver before it received the Discovery Material, or (iii) information that the Receiver independently and lawfully obtained, after it received the Discovery Material, from a source other than the Producing Person, this Protective Order imposes no restrictions on the use of the portions of the Discovery Material which contain the publicly-available, lawfully already-possessed, or independently- and lawfully-obtained information. To the extent a Receiver, in good faith, requires reasonable clarification regarding which part of any Discovery Material designated Confidential or Attorneys' Eyes Only contains the Confidential or Attorneys' Eyes Only information, the Receiver may request reasonable clarification (on a document by document basis) through counsel to the parties herein.

6. Discovery Material designated Confidential or Attorneys' Eyes Only shall be used solely for purposes of this Litigation. Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall not be disclosed except as expressly permitted by the terms of this Protective Order.

7. The designation of Discovery Material as Confidential or Attorneys' Eyes Only for purposes of this Protective Order shall be made in the following manner by any Producing Person:

a) In the case of Documents or other materials (other than deposition transcripts or other pretrial testimony), by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material. For multipage Documents bound together by staple or other permanent binding, the words "Confidential" or "Attorneys' Eyes Only" need only be stamped on the first page (insofar as possible) of the Document in order for the entire Document to be treated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material except as heretofore set forth in paragraph

5. For Confidential Discovery Material or Attorneys' Eyes Only Discovery Material produced in native electronic format on CD or DVD, by affixing the stamp "Confidential" or "Attorneys' Eyes Only" on the front of the CD or DVD, or by electronically stamping the document "Confidential" or "Attorneys' Eyes Only." Failure to designate a Document as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of the right to so designate the Document, and a Producing Person may so designate the Document after such Document has been produced pursuant to subparagraph (d) of this paragraph; and

b) In the case of depositions or other pretrial testimony ("Testimony"): (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the reporter that the appropriate confidentiality legend be affixed to each page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material. Only those portions of the transcripts designated as "Confidential" or "Attorneys' Eyes Only" in the Litigation shall be deemed Confidential Discovery Material or Attorneys' Eyes Only Discovery Material; <u>provided</u> that the failure to designate Testimony as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of the right to so designate Testimony, and a Producing Person may so designate Testimony after such Testimony has been taken pursuant to subparagraph (d) of this paragraph. Counsel may modify this procedure for any particular deposition, through mutually acceptable agreement on the record at such deposition, without further order of the Court.

c) Counsel shall agree on a mutually acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner and for the use of alternative methodologies in the event the parties agree to inspection of materials prior to copying

for production.

d)      A Producing Person may designate as "Confidential" or "Attorneys' Eyes Only" any Discovery Material that has already been produced by notifying the party to whom the production has been made in writing that such Discovery Material is Confidential or Attorneys' Eyes Only. Information so designated shall be treated as Confidential or Attorneys' Eyes Only from the date of notification onward. However, no party shall be deemed to have breached this Protective Order by means of any proper disclosure or use prior to such notification.

8.      By receiving Discovery Material designated as Confidential or Attorneys' Eyes Only, the Receiver does not thereby concede or otherwise accept that such information is in fact confidential, but merely agrees to abide by the terms described in this Protective Order with regard to that information, subject to their right to dispute such designation in accordance with Paragraph 22 below.

9.      Confidential Discovery Material, any copies thereof, and any information contained therein may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a)      the parties to this Litigation who are natural persons, and with respect to parties that are not natural persons, any partner, director, officer, executive, or employee of such party whose duties in connection with this Litigation require access to such material;

b)      counsel (including internal counsel) who represent the parties to this Litigation (including partners, associates, temporary lawyers, secretaries, legal assistants, and other employees of such counsel) or who otherwise assist such parties in the conduct of the Litigation;

c)      any Person indicated on the face of a Document to have lawfully been the author, addressee, or a recipient of a copy of the Document or believed in good faith to have previously

6

seen the Document;

d) any insurance carrier(s) that is covering some or all of the costs of this Litigation or are otherwise involved in this Litigation;

e) witnesses or deponents, and their counsel, in preparation for depositions or testimony in this Litigation;

f) expert witnesses and expert consultants (and their staffs) assisting counsel for the parties in this Litigation;

g) third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, retrieving, or analyzing data or designing programs for handling data connected with the Litigation, including Reliance Forensics, LLC and Kroll, LLC;

h) deposition reporters, videographers, and persons performing similar functions employed in connection with this Litigation, where the Discovery Materials in question are being used in a deposition or hearing at which the individual is performing transcription services;

i) the Court, and any clerks or other officers of the Court or persons assisting the Court, provided that any party desiring to present such Confidential Discovery Material shall utilize the procedure set forth in paragraph 14 below; and

j) any other Person designated by any Court upon such terms as the Court requires.

10. Attorneys' Eyes Only Discovery Material, any copies thereof and any information contained therein may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a) External counsel who represent the parties to this Litigation (including partners, associates, temporary lawyers, secretaries, legal assistants, and other employees of such counsel) or who otherwise assist such parties in the conduct of the Litigation;

7

b) any insurance carrier(s) that is covering some or all of the costs of this Litigation or are otherwise involved in this Litigation;

c) expert witnesses and expert consultants (and their staffs) assisting counsel for the parties in this Litigation;

d) third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, retrieving, or analyzing data or designing programs for handling data connected with the Litigation, including Reliance Forensics, LLC and Kroll, LLC;

e) deposition reporters, videographers and persons performing similar functions employed in connection with this Litigation, where the Discovery Materials in question are being used in a deposition or hearing at which the individual is performing transcription services; and

f) the Court, and any clerks or other officers of the Court or persons assisting the Court, provided that any party desiring to present such Attorneys' Eyes Only Discovery Material shall utilize the procedure set forth in paragraph 14 below.

For the avoidance of doubt, Attorneys' Eyes Only Discovery Material may not be shared with the parties, or partners, directors, officers, executives, or employees of the parties to this Litigation.

11. Before Confidential Discovery Material or Attorneys' Eyes Only Discovery Material may be provided to any Person listed in paragraphs 9(e), 9(f), 9(g), 9(h), 10(c), 10(d), or 10(e), such Person shall sign the form attached as Exhibit A to this Protective Order.

12. Before Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is provided to any Person listed in paragraphs 9(a), 9(c), 9(d), 9(i), 9(j) 10(b), or 10(f), such Person shall be given a copy of this Protective Order and made aware that this Protective Order governs the disclosure and use of Confidential Discovery Material and Attorneys' Eyes Only Discovery Material.

13. The forms obtained pursuant to paragraph 11 shall be deemed work product. Counsel for the party disclosing or providing Confidential Discovery Material or Attorneys' Eyes Only Discovery Material to any Person required to execute a form pursuant to paragraph 11 shall be responsible for obtaining such signed form and retaining the original, executed copy thereof during the course of the Litigation and such forms shall not be discoverable by the parties; provided, however, that such undertakings shall be subject to production as ordered by the Court in the Litigation or in any action or proceeding to enforce the terms of this Protective Order or to recover for any breach of this Protective Order.

14. If the Receiver or its counsel intends to include Confidential Discovery Material or Attorneys' Eyes Only Discovery Material in any papers filed with the Court, the Receiver shall separately file the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material under seal in an envelope marked with the title (or a general description) of its contents and the legend:

**CONTAINS CONFIDENTIAL [OR ATTORNEYS' EYES ONLY]**

**INFORMATION TO BE OPENED ONLY**

**BY OR AS DIRECTED BY THE COURT**

The Producing Person or the party designating Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall correspondingly file a Motion to Seal in accordance with Local Civil Rule 6.1. By filing any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material under seal, a Receiver does not thereby concede that such Discovery Material is in fact "Confidential" or "Attorneys' Eyes Only." Confidential Discovery Material or Attorneys' Eyes Only Discovery Material used in any court proceeding in this Litigation shall not lose its status as Confidential Discovery Material or Attorneys' Eyes Only

Discovery Material unless it becomes part of the public record. Prior to using Confidential Discovery Material or Attorneys' Eyes Only Discovery Material in any pleading or hearing, the party intending to use such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material must use best efforts to maintain the confidentiality of that material.

15. Nothing in this Protective Order shall:

a) prohibit any Receiver from using Confidential Discovery Material or Attorneys' Eyes Only Discovery Material in this Litigation, so long as the Receiver complies with the terms of this Protective Order;

b) prohibit any Producing Person from objecting to the production of any Documents they consider not to be properly subject to discovery in any given circumstances;

c) prevent any party or other Producing Person from applying to the Court for enforcement or modification of this Protective Order or for greater or lesser protection for any particular item or category of Discovery Material and either party may petition the Court for leave to show, but not distribute, certain materials designated as Attorney's Eyes Only to a witness upon showing of a substantial need;

d) prohibit any party from objecting to the authenticity or admissibility into evidence of any Document, testimony, or other evidence subject to this Protective Order;

e) prejudice in any way the rights of a party or Producing Person to seek a determination by the Court as to the propriety of the designation of any Discovery Material as "Confidential" or "Attorneys' Eyes Only" pursuant to paragraph 22 below;

f) prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided herein with respect to any Discovery Material, with the consent of the Producing Person.

16. This Protective Order has no effect upon, and shall not apply to, a Producing Person's use of its own Discovery Material for any purpose. In the event a Producing Person uses Confidential Discovery Material or Attorneys' Eyes Only Discovery Material in the Litigation without utilizing the process set forth in paragraph 14, then the Receiver may also use the same Confidential Discovery Material or Attorneys' Eyes Only Discovery Material without utilizing the process set forth in paragraph 14.

17. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party, is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of any claim of privilege, work product, or other ground for withholding production to which the Producing Person would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, such party shall return to the Producing Person all copies of the material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production or otherwise claim that privilege has been waived as a result of such production.

18. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Attorneys' Eyes Only Discovery Material until the newly joined party by its counsel has executed its agreement to be fully bound by this Protective Order.

19. The parties agree to be bound by the terms of this stipulation pending its entry as an Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this

Protective Order had been entered by the Court prior to the violation.

20. The provisions of this Protective Order shall, absent written permission of the Producing Person or further order of any Court, continue to be binding throughout the Litigation. The Court shall not retain jurisdiction over any provision of this Protective Order after conclusion of the Litigation.

21. Within 90 days after the date when an order, judgment, decree, or stipulation has been entered finally disposing of the Litigation, and any appeals have been determined and the time for any and all additional appeals (including discretionary review) has elapsed, all recipients of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall either return or destroy all such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material. Counsel for the parties (including internal counsel) shall be entitled to retain copies of all court papers, deposition and court transcripts and exhibits thereto, expert reports, and their own attorney work product (irrespective of whether any of such contains Confidential Discovery Material or Attorneys' Eyes Only Discovery Material), provided that such retention does not violate the terms of this Protective Order, except pursuant to a court order or agreement with the Producing Person.

22. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall first raise its objection with counsel for the Producing Person and attempt to resolve the dispute. If the parties' discussions do not result in a resolution of the dispute, the objecting party may move on reasonable notice for an order vacating or modifying the designation. In the event such an application is made, the Producing Person shall bear the burden of establishing that the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material falls within the scope of the categories enumerated in paragraph 3 or paragraph 4, as applicable. While such

an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material pursuant to this Protective Order.

23. If any Person, other than the Producing Person, is required by subpoena, order, or other legal process or legally enforceable demand (together, the "Demand") to produce Confidential Discovery Material or Attorneys' Eyes Only Discovery Material in any other action or proceeding or otherwise, such Person shall promptly provide notice to the Producing Person or counsel for the Producing Person (including a copy of the relevant Demand) allowing the Producing Person the opportunity to timely oppose the Demand before responding or producing any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material. To the extent a Producing Person seeks to prevent the production of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material (including, but not limited to, through an administrative or court proceeding), the Person subject to the Demand shall decline to produce Confidential Discovery Material or Attorneys' Eyes Only Discovery Material until the resolution of such proceeding. It will be the obligation solely of the Producing Person or its counsel to timely take what steps it deems necessary to protect the confidentiality of the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material subject to the Demand.

24. This Protective Order does not apply to the introduction and use of materials during any trial of this action, and any such use shall be separately provided for by the Court in its pre-trial order or otherwise as determined by the Court prior to trial.

25. Any non-party who is a Producing Person shall have the benefit of this Protective Order, and shall be entitled to enforce its terms, if such non-party agrees to be bound hereby.

Signed: November 8, 2023

**SO ORDERED**.

_____
David C. Keesler
United States Magistrate Judge

AGREED and ACCEPTED:

By: /s/Angelo A. Stio III
Christopher G. Browning, Jr.
N.C. State Bar No. 13436
Michael B. Cohen
N.C. State Bar No. 50629
Troutman Pepper Hamilton Sanders LLP
305 Church at North Hills St., Suite 1200
Raleigh, NC 27609
(919) 835-4127
chris.browning@troutman.com
michael.cohen@troutman.com

Angelo A. Stio III
*Admitted Pro Hac Vice*
Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540
(609) 951-4125
angelo.stio@troutman.com

*Counsel for Plaintiffs American Tire Distributors, Inc. and PolyATOM, LLC*

By: /s/ Sarah F. Hutchins
Sarah F. Hutchins
NC State Bar No. 38172
Parker Poe Adams & Bernstein LLP
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: 704-372-9000
Facsimile: 704-334-4706
sarahhutchins@parkerpoe.com

*Counsel for Defendant Vishal Preeyahtam Reddy Poreddy*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| AMERICAN TIRE DISTRIBUTORS, INC. and POLYATOM, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 3:23-cv-515 ) |
| VISHAL PREEYATHAM REDDY POREDDY, | ) ) |
| Defendant. | ) ) ) |

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT**

I, _____, hereby acknowledge that:

    (a)    I have received a copy of the Stipulated Protective Order (the "Order") entered in this action by the United States District Court for the Western District of North Carolina;

    (b)    I have either read the Order and/or have had the terms of the Order explained to me by an attorney;

    (c)    I understand the terms of the Order and agree to comply with and to be bound by such terms;

    (d)    I may receive documents or information designated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material and understand that such documents and information are provided to me pursuant to the terms of the Order;

    (e)    I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Order; and

    (f)    I hereby submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina for resolution of any matters pertaining to the Order.

Date: _____        Signature: _____